IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| FRANK SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 22-2082-JPM-tmp |
| | ) |
| TRANSPORTATION EMPLOYEE | ) |
| LEASING, LLC, | ) |
| | ) |
|     Defendant. | ) |

---

## REPORT AND RECOMMENDATION

---

Before the court is a Motion to Dismiss for Failure to State a Claim by defendant Transportation Employee Leasing, LLC ("TEL"), filed on March 28, 2022. (ECF No. 10.) Plaintiff Frank Smith responded to the motion on May 25, 2022, and filed a second response on June 15, 2022. (ECF Nos. 12, 15.) For the reasons below, the undersigned recommends that TEL's motion be granted in part and denied in part.

### I.    PROPOSED FINDINGS OF FACT

Smith's complaint consists of a form provided by the court intended to assist *pro se* litigants in filing their claims. On the first page of that form, Smith checked boxes indicating that he was bringing claims for employment discrimination under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 1.) Smith

indicated that he was discriminated against based on "Disability" and "Age," and clarified that he was sixty-two years old. (Id. at 4.)

The form provides space for a plaintiff to describe the facts of their case. In this space, Smith wrote the following:

> During my tenure at Transportation Leading, the new safety director Troy Reese harass me about my age and I was to old to drive. And I needed to wash company vans. This was a ongoing experience until I was laid off. When I was called back by Ms. Andrea Marshall. I work for a whole day, then Mr. Reese called me into his office stated if he knew that it was me, that was called, he wouldn't let me in the van. I was employed by the company from April of 2014 until November 2020.

(Id.) (errors in original). Smith's complaint does not provide any further factual details. The dates of these events are unclear as well. Smith's "best recollection" is that the alleged discriminatory acts occurred in August and September of 2021, which would have been after his employment ended. He later notes that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in August 2019, which would have been before his employment ended. (Id. at 4-5.)

The EEOC issued Smith a Right to Sue Letter on November 16, 2021. (ECF No. 1-1.) He filed the present case on February 11, 2022. (ECF No. 1.) TEL then filed a Motion to Dismiss on March 28, 2022, arguing that Smith failed to plead enough facts to state a claim under any employment discrimination statute. (ECF No. 10.) After the original time to file a response passed without a

response from Smith, the undersigned entered an Order to Show Cause ordering Smith to respond by May 11, 2022. (ECF No. 11.) Smith did not respond until May 25, 2022, with a letter that does not address the arguments raised in the motion. (ECF No. 12.) He filed a second response on June 15, 2022, which also does not address the arguments in the motion. (ECF No. 15.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

While courts liberally construe pro se pleadings, even a pro se complaint must satisfy the plausibility standard. Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011); see also Pilgrim

v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *1 (W.D. Tenn. Jul. 3, 2014) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.    Smith's Untimely Response**

Smith's response to the motion came two weeks after the court-ordered deadline. In that order, the undersigned stated that "[s]hould plaintiff fail to timely respond, the court will consider whether defendant's motion should be granted solely on the arguments contained therein." (ECF No. 11.) TEL, in a reply to Smith's response, argues that Smith's failure to provide a reason for his late response "should result in the Court granting the Motion to Dismiss." (ECF No. 14 at 2.) In support, TEL cites Federal Rule of Civil Procedure 41, which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The undersigned finds dismissal under Rule 41(b) is not warranted. The undersigned stated in the Order to Show Cause that the consequence for failing to timely respond would be consideration of the motion without the benefit of any response. Moreover, the court did not give a warning of dismissal, a pre-requisite to the sanction of dismissal. Therefore, to the extent TEL seeks dismissal of the complaint based on the untimely response, it is recommended that this part of the motion be denied.

## C.   **Title VII and ADA**

TEL argues that Smith's complaint "contains no factual allegations whatsoever concerning any of the classifications protected by Title VII" and "contains no factual allegations whatsoever concerning any of the *prima facie* elements of an ADA claim." (ECF No. 10-1 at 6-7.) The undersigned agrees. While Smith checked the boxes indicating discrimination under Title VII and the ADA, the rest of the complaint fails to allege any facts that would state a claim under those statutes.

Regarding Title VII, at no point does Smith allege that he is a member of a protected class under Title VII, which includes race, color, gender/sex, religion, and national origin. Equal Employment Opportunity Commission v. R.G. & G.R. Harris Funeral Homes, Inc., 884 F.3d 560, 571 (6th Cir. 2018) (citing 42 U.S.C. § 2000e-2(a)(1)). When prompted to indicate on what bases TEL discriminated against him, he checked only the boxes for "Disability" and "Age."

(ECF No. 1 at 4.) The rest of the complaint details alleged discrimination by his former supervisor, but explicitly ties that discrimination to Smith's age and not any of the classes that Title VII protects. See Barnes v. City of Cincinnati, 401 F.3d 729, 736-37 (6th Cir. 2005) (noting that Title VII claims require an allegation that a plaintiff is a member of a protected class covered by Title VII).

Regarding the ADA, while Smith indicated that TEL discriminated against him based on "Disability," no further facts regarding this disability are alleged. Merely alleging that one has been discriminated against based on a disability, without more, does not make a claim of disability discrimination plausible. Such a statement amounts to mere recitation of one element of a disability claim. See Smith v. Wrigley Mfg. Co. LLC, 749 F. App'x 446, 448 (6th Cir. 2018) (noting that courts have rejected "naked recitations of the elements unenhanced by specific facts."). Accordingly, the undersigned recommends that Smith's claims under Title VII and the ADA be dismissed for failure to state a claim.

**D.   ADEA**

Unlike the claims under Title VII and the ADA, Smith's ADEA claim is supported by specific facts. The question is whether those facts, taken as true, make it plausible that Smith was discriminated against based on his age under the standard of Rule 12(b)(6).

TEL's case for dismissal rests entirely on the argument that "Plaintiff's Complaint fails to allege sufficient facts to establish a *prima facie* case of age discrimination." (ECF No. 10-1 at 8.) This argument is misplaced. TEL correctly notes that a *prima facie* case of discrimination under the ADEA concerning termination requires a plaintiff to show that "(1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was replaced by a younger worker." (Id.) (quoting George v. Youngstown State Univ., 966 F.3d 446 (6th Cir. 2020)). However, the Supreme Court has stated that "the prima facie case under McDonnell Douglas [] is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). "Rather, at the motion-to-dismiss stage, a plaintiff bringing an employment discrimination claim need only satisfy the plausibility standard of Twombly." Menge v. City of Highland Park, No. 21-10152, 2022 WL 54544, at *8 (E.D. Mich. Jan. 5, 2022) (citing Smith, 749 F. App'x at 447). Since not all employment discrimination claims would even require stating a *prima facie* case, such as those involving direct evidence of discrimination, "it thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." Swierkiewicz, 534 U.S.

at 511-12 (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985)). Although "whether a plaintiff can state a prima facie case for discrimination 'is illustrative of whether she has provided an adequate basis for her claims,'" it is not a requirement at this stage of litigation. Turner v. DeJoy, No. 2:21-cv-02223-SHL-atc, 2021 WL 680662, at *3 (W.D. Tenn. Nov. 2, 2021) (quoting Chapman v. Olymbec USA, LLC, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019)). Instead, the "ordinary rules for assessing the sufficiency of a complaint apply," namely the plausibility standard of Twombly and Iqbal. Pedreira v. Ky. Baptist Homes for Children, Inc., 579 F.3d 722, 728 (6th Cir. 2009).

With this in mind, the undersigned turns to Smith's allegations. The ADEA "prohibits an employer from 'discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Russell v. AAA Limo, No. 2:15-cv-02455-JPM-tmp, 2016 WL 874770, at *4 (W.D. Tenn. Feb. 17, 2016) (quoting 29 U.S.C. § 623(a)(1)). Pleading disparate treatment under the ADEA requires a plaintiff to allege that "the employer acted with the intention of discriminating on the basis of age." Abbot v. Federal Forge, Inc., 912 F.2d 867, 871 (6th Cir. 1990). This can be accomplished by "alleging direct evidence of discrimination, or [] by alleging circumstantial or indirect

- 8 -

evidence from which discrimination can be inferred." <u>McKnight v.</u>
<u>Gates</u>, No. 3:06-1019, 2007 WL 1849986, at *10 (M.D. Tenn. Jun. 20,
2007). Direct evidence is evidence that "if believed, requires the
conclusion that age was the 'but for' cause" of the employer's
actions. <u>Scheick v. Tecumseh Pub. Schs.</u>, 766 F.3d 523, 530 (6th
Cir. 2014). "Any discriminatory statements must come from
decisionmakers to constitute [direct] evidence of discrimination."
<u>Geiger v. Tower Auto.</u>, 579 F.3d 614, 620-21 (6th Cir. 2009) (citing
<u>Rowan v. Lockheed Martin Energy Sys., Inc.</u>, 360 F.3d 544, 550 (6th
Cir. 2004)).

Taking all facts in Smith's complaint as true, the undersigned
finds that Smith has alleged a plausible claim of age
discrimination. Smith states that he was born in 1960, making him
between sixty and sixty-two years old at the time of the alleged
discrimination, depending on which of the provided dates are used.
<u>See</u> <u>House v. Rexam Beverage Can Co.</u>, 630 F. App'x 461, 462 (6th
Cir. 2015) (noting that ADEA claims are available to plaintiffs
over forty years old). The exact form of age discrimination that
Smith alleges is less clear. Smith's complaint states that he was
discriminated against through "[t]ermination," but also states
that he was harassed about his age while employed. Such categories
may matter at the summary judgment stage in a case of purely
circumstantial evidence, where a plaintiff must show different
*prima facie* case elements depending on the type of discrimination

faced. See Smith, 749 F. App'x at 448 (general discrimination); George, 966 F.3d at 459-60 (discrimination through termination and retaliation); Hale v. ABF Freight Sys., 503 F. App'x 323, 337 (6th Cir. 2012) (discrimination through hostile work environment). But here, Smith alleges direct evidence of disparate treatment based on his age. Smith claims that he was generally harassed about his age during his employment with TEL, and specifically told by Safety Director Troy Reese that he was too old to drive vans and instead was made to wash them. Smith then states that he was laid off, but that when he was called back to the job Reese said that he still "wouldn't let [Smith] in the van." Thus, Smith has stated that he is sixty-two years old, that Reese, a decisionmaker regarding his job duties, told him he would not be allowed to drive vans due solely to his age, and that he was instead forced into washing them. These allegations, taken as true, plausibly allege a direct change in the conditions of Smith's employment because of his age. "The ADEA commands that employers are to evaluate older employees . . . on their merits and not their age." Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993) (quoting W. Air Lines, Inc. v. Criswell, 472 U.S. 400, 402 (1985)). Reese's alleged comments violate this requirement.

Other courts have agreed that such comments would constitute direct evidence of discrimination. In Scheick, a decisionmaker's statement about wanting "someone younger" for a job was found to

be an unambiguous example of direct evidence. 766 F.3d at 531. In
Johnson v. United Rentals, Inc., summary judgment was denied for
an employer where the plaintiff offered evidence that management
had told him he was "too old" and "should be [replaced] . . . with
young folks." No. 1:09-cv-167, 2010 WL 1981295, at *4-5 (W.D. Mich.
May 17, 2010); see also Brewer v. New Era, Inc., 564 F. App'x 834,
839 (6th Cir. 2014) (management statement that the plaintiff was
"too old" was sufficient direct evidence to deny summary judgment).
In Sanders v. Lincoln County, Tennessee, the district court denied
summary judgment where management admitted they could not "get [a
decisionmaker] off the age thing[.]" 231 F. Supp. 3d 290, 296 (E.D.
Tenn. 2017). Reese's alleged statements would likewise qualify as
direct evidence of age discrimination.

### III.  RECOMMENDATION

Based on the above, it is recommended that the defendant's
Motion to Dismiss be granted in part and denied in part.
Specifically, the undersigned recommends dismissing Smith's Title
VII and ADA claims, but allowing his ADEA claims to proceed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 16, 2022
Date

### NOTICE

- 11 -

WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.